Nos. 23-1527 & 23-2566
(Consolidated)

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

## UIRC-GSA Holdings, LLC,

*Plaintiff-appellant,*

v.

## William Blair & Company, LLC and Michael Kalt,

*Defendants-appellees.*

Appeals from the United States District Court,
for the Northern District of Illinois, Eastern Division
Case No. 15-cv-9518
The Honorable Judge Robert W. Gettleman

## MOTION FOR ATTORNEYS' FEES

Michael P. Conway
Nicole C. Henning
   *Counsel of Record*
JONES DAY
110 North Wacker Dr.
Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
mconway@jonesday.com
nhenning@jonesday.com

*Counsel for Defendant-Appellee, William Blair*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................... 5

FACTUAL AND PROCEDURAL BACKGROUND ................................. 7

    I.    The District Court Litigation ................................. 7

    II.   The Underlying Orders and Opinions ............................... 9

ARGUMENT ........................................................................ 10

    I.    This Court should award William Blair its reasonable attorney's fees for the Merits Appeal and the Fee Appeal ..................................................... 10

        A.   In copyright cases, prevailing defendants, like William Blair, are entitled to a very strong presumption of an award of attorney's fees. .......... 10

        B.   In this case, the *Fogerty* factors do not warrant rebuttal of the very strong presumption in favor of fees. ................................................. 12

            1.   Frivolousness ...................................... 13

            2.   Compensation and Deterrence ........................ 14

            3.   Objective Reasonableness ............................... 14

            4.   Motivation ............................................... 15

    II.   William Blair's reasonable attorney's fees amount to $260,219.25 for the Merits Appeal and the Fee Appeal ....................................................... 16

        A.   For these appeals and related fee motion, William Blair's attorneys' fees amount to $260,219.25 ................................................ 17

        B.   The hourly rates charged by William Blair's attorneys are reasonable. ......................................... 18

        C.   The hours expended by William Blair's attorneys are reasonable. ......................................... 20

CONCLUSION ..................................................................... 24

# TABLE OF AUTHORITIES

**Page**

CASES

*Assessment Techs. of WI, LLC v. Wire Data, Inc.,*
  361 F.3d 434 (7th Cir. 2004) .............................................................. 19

*Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.,*
  73 F.3d 150 (7th Cir. 1996) ................................................................. 19

*Blanchard v. Bergeron,*
  489 U.S. 87 (1989) ............................................................................... 16

*Denius v. Dunlap,*
  330 F.3d 919 (7th Cir. 2003) .............................................................. 17

*Eddleman v. Switchcraft, Inc.,*
  927 F.2d 316 (7th Cir. 1991) .............................................................. 17

*Feist Publications, Inc. v. Rural Tel. Serv. Co.,*
  499 U.S. 340 (1991) ............................................................................. 13

*Fogerty v. Fantasy, Inc.,*
  510 U.S. 517 (1994) ................................................................. 10, 12, 13

*Fogle v. William Chevrolet/Geo, Inc.,*
  275 F.3d 613 (7th Cir. 2001) .............................................................. 19

*Hensley v. Eckerhart,*
  461 U.S. 424 (1983) ............................................................................. 16

*HyperQuest, Inc. v. N'Site Sols., Inc.,*
  632 F.3d 377 (7th Cir. 2011) .............................................................. 14

*Live Face on Web, LLC v. Cremation Soc'y of Illinois, Inc.,*
  77 F.4th 630 (7th Cir. 2023) ...................................................... passim

*Perdue v. Kenny A. ex rel. Winn,*
  559 U.S. 542 (2010) ............................................................................. 17

*Schlacher v. L. Offs. of Phillip J. Rotche & Assocs., P.C.,*
574 F.3d 852 (7th Cir. 2009) ................................................................. 16

*Timothy O'Brien LLC v. Knott,*
962 F.3d 348 (7th Cir. 2020) .................................................................. 11

*UIRC-GSA Holdings, LLC v. William Blair & Co., L.L.C.,*
---F.4th ---, 2024 WL 139270 (7th Cir. Jan. 12, 2024) ........... 5, 6, 9, 13

**STATUTES**

17 U.S.C. § 505 ...................................................................................... 9, 10

## INTRODUCTION

William Blair respectfully ask this Court to order Plaintiff-Appellant UIRC-GSA Holdings LLC ("UIRC") to pay the attorneys' fees incurred on appeal by Defendant-Appellee William Blair & Company, L.L.C. ("William Blair"). For the two consolidated appeals and the drafting of this motion, William Blair's recoverable fees amount to $260,219.25.

On January 12, 2024, this Court issued an opinion, ruling in favor of William Blair in two consolidated appeals. In one of those appeals, UIRC challenged the district court's summary judgment ruling in favor of defendant William Blair in a copyright case. In the other appeal, UIRC challenged the district court's award of attorney's fees under the Copyright Act to William Blair in that same case. This Court affirmed both district court orders and invited William Blair to move for the fees incurred on appeal:

> Blair has requested that we extend the district court's fee order to the attorneys' fees it incurred defending this appeal. We invite Blair to move for those fees with the appropriate substantiation within 30 days of the date of this decision, after which UIRC will have 15 days to respond.

*UIRC-GSA Holdings*, 2024 WL 139270, at *7.

Just as it was appropriate for the district court to order UIRC to pay William Blair's fees in the matter below, it is appropriate for this Court to order UIRC to pay William Blair's fees on appeal. In copyright cases, there is a "very strong" presumption in favor of a fee award for prevailing defendants. *Live Face on Web, LLC v. Cremation Soc'y of Illinois, Inc.*, 77 F.4th 630, 632 (7th Cir. 2023). In fact, the only time this Court has ever found such a fee award unwarranted is when a case involved a copyright claim that had not actually been litigated. That is not the case here, as parties have litigated copyright claims for years.

Indeed, a fee award is particularly warranted here because, even though a copyright claim requires originality, UIRC brought a copyright claim based on language that it itself had mostly copied. As this Court acknowledged, "UIRC did not independently create most of the language in the documents at issue. Instead, it copied much of the language." *UIRC-GSA Holdings, LLC v. William Blair & Co., L.L.C.*, --- F.4th ---, 2024 WL 139270, at *2 (7th Cir. Jan. 12, 2024). William Blair respectfully requests that the Court order UIRC to pay William Blair's total attorneys' fees for the consolidated appeal and fee motion: $260,219.25.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. The District Court Litigation

The facts of this case begin with documents that were created by the Idaho Housing and Finance Association ("Idaho HFA"). (ECF No. 397 ¶ 18–20.) The Idaho FHA is not a party to this case.

William Blair served as a UIRC's placement agent for a bond offering. (ECF No. 396 ¶ 23.) For that deal, UIRC used certain of the Idaho documents as the basis for its own offering documents, making scattered revisions. (*See* Appellate Dkt. No. 18 (comparing UIRC's highlighted material to the Idaho deal documents).)

UIRC registered portions of the documents from its William Blair deal with the U.S. Copyright office. (ECF Nos. 244-2, 244-5, 244-7, 244-10.) Despite the fact that the relevant language largely mimicked the Idaho documents, UIRC admitted that it did not disclose the Idaho documents to the Copyright Office, let alone the overlap between those documents and the language for which UIRC sought copyright protection. (*See* Opening Brief in Appeal No. 23-2566 at 3.)

UIRC filed this case in 2015, bringing a series of claims under the Copyright Act. (ECF No. 1.) UIRC added a number of new copyright claims against different defendants in May 2016. (ECF No. 35.) One of

the defendants served an interrogatory asking whether any of the language in the documents at issue had been drafted by a third party. (ECF Nos. 552-2 (Response to Interrog. 6).) In response, UIRC did not disclose the Idaho documents. (*Id.*) The original defendants then paid UIRC to settle the case. (ECF No. 61.)

The same month, October 2016, UIRC added William Blair to the case, suing it for alleged violations of the Copyright Act. (ECF No. 62.) William Blair and UIRC proceeded to litigate the case. In October 2017, UIRC responded to an interrogatory in which William Blair asked UIRC to identify "any portion(s) [of the documents at issue that were] copied, derived, or modified from text not directly originating with UIRC." (ECF No. 552-3 (Interrog. 2).) Again, UIRC's response did not disclose the Idaho documents. (*Id.* (Response to Interrog. 2).)

Eventually, William Blair served a subpoena on the attorneys who had represented UIRC in the deal with William Blair. Those attorneys produced copies of the Idaho documents. (*See* ECF No. 374-1 (Idaho PPM and Indenture with Bates numbers from the law firm, Taft, Stettinius & Hollister LLP).)

## II. The Underlying Orders and Opinions

In September 2021, after five years of litigation, William Blair obtained summary judgment based on the Idaho documents. (ECF No. 414.). After obtaining summary judgment, William Blair moved for attorneys' fees pursuant to 17 U.S.C. § 505. (ECF No. 551.) The parties stipulated to the amount of the reasonable fee and only disputed whether a fee was warranted in the first place. (ECF No. 552-1.) The district court awarded attorneys' fees to William Blair. (ECF No. 567.)

UIRC appealed the district court's summary judgment order (the "Merits Appeal") and the fee order (the "Fee Appeal") (together, the "Appeals"). (Appellate Dkt. Nos. 11, 33.) This Court consolidated the Appeals and affirmed the district court orders on both the merits and the fees. (*Id.* Nos. 29, 49.) In its opinion affirming the district court, this Court stated:

> Blair has requested that we extend the district court's fee order to the attorneys' fees it incurred defending this appeal. We invite Blair to move for those fees with the appropriate substantiation within 30 days of the date of this decision, after which UIRC will have 15 days to respond.

(*UIRC-GSA Holdings*, 2024 WL 139270, at *7.)

# ARGUMENT

## I. This Court should award William Blair its reasonable attorney's fees for the Merits Appeal and the Fee Appeal.

In any civil action under the Copyright Act, the "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. "[T]he court may also award a reasonable attorney's fee to the prevailing party." *Id.* For the same reasons the Court affirmed the district court's award of attorneys' fees to William Blair for litigation in that court, this Court should award fees for the litigation in this Court.

### A. In copyright cases, prevailing defendants, like William Blair, are entitled to a very strong presumption of an award of attorney's fees.

As discussed in the briefing on the Fee Appeal, "prevailing defendants in copyright cases are presumptively entitled (and strongly so) to recover attorney fees." *Live Face*, 77 F.4th at 632 (quoting *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005)). This "very strong presumption" can be overcome by "careful application of the *Fogerty* factors." *Live Face*, 77 F.4th at 632, 634. But so far, this Court has only seen one case in which the *Fogerty* factors overcame the very strong presumption in favor of a prevailing copyright

defendant. *See Timothy O'Brien LLC v. Knott*, 962 F.3d 348 (7th Cir. 2020). But *Timothy O'Brien* was only nominally a copyright case. "[T]he case was primarily about . . . trademark and trade dress claims." *Id.* at 350. The "defendants did nothing but answer the complaint alleging a copyright claim—they never substantively litigated the claim, and they filed not one motion related to it." *Live Face*, 77 F.4th at 632 (citing *Timothy O'Brien*, 962 F.3d at 350−51.) Thus, there was no reason to apply the Copyright Act's presumption in favor of fees.

Unlike *Timothy O'Brien*, the case at issue here has been a copyright case all along, and the copyright issues have been heavily litigated. UIRC filed this case in 2015, and every single claim was brought under the Copyright Act. (ECF No. 1.) UIRC added a number of defendants in May 2016, again with each claim premised on the Copyright Act. (ECF No. 35.) When UIRC added William Blair to the case, every claim against Blair was brought under the Copyright Act. (ECF No. 62.) William Blair defended itself against UIRC's copyright claims for nearly five full years before obtaining summary judgment against UIRC in September 2021. (ECF No. 414.) The strong presumption in favor of fees should apply in William Blair's favor.

**B. In this case, the *Fogerty* factors do not warrant rebuttal of the very strong presumption in favor of fees.**

The *Fogerty* factors are a "nonexclusive . . . guide." *Live Face*, 77 F.4th at 631. The factors are: (1) the frivolousness of the suit; (2) the losing party's motivation for bringing or defending against a suit; (3) the objective unreasonableness of the claims advanced by the losing party; and (4) the need to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). "None of those factors is determinative, each case is different, and a . . . court's analysis must be sensitive to the facts before it. So long as it applies to plaintiffs and defendants alike, . . . courts may consider any factor that advances the Copyright Act's purposes." *Live Face*, 77 F.4th at 631 (citing *Fogerty*, 510 U.S. at 534 n.19.).

The Court's presumption in favor of fees "places a heavy thumb on the scale in favor of doing so for a prevailing defendant." *Live Face*, 77 F.4th at 634. If the "*Fogerty* factors [are] in equipoise, [the Court's] strong presumption would resolve the question [of fees] in the defendants' favor." *Id.* at 635. As such, this Court has "repeatedly reversed district courts who refused to award a prevailing defendant his

attorney's fees." *Id.* at 632 (citing cases). By contrast, the Court has repeatedly affirmed fee awards in favor of prevailing defendants. *Id.*

### 1. Frivolousness

The first *Fogerty* factor is frivolousness. This factor favors William Blair. UIRC originally filed this lawsuit claiming copyright protection over significant passages of language that it now concedes it did not itself create. *UIRC-GSA Holdings*, 2024 WL 139270, at *2 ("UIRC did not independently create most of the language in the documents at issue. Instead, it copied much of the language."). "The *sine qua non* of copyright is originality." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991). It was frivolous for UIRC to litigate a copyright case (for years) based on material that it knew it did not draft.

The frivolousness factor does not mean that UIRC's conduct must be sanctionable. "[T]he loser's conduct need not be 'sanctionable' for the winner to be entitled to attorney's fees." *Live Face*, 77 F.4th at 634 (quoting *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008)). Indeed, even if the case were not "frivolous," "this does not distinguish it from a great many copyright infringement

cases" and the presumption in favor of fees is not overcome.

*HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 387 (7th Cir. 2011).

## 2. Compensation and Deterrence

Another factor is compensation and deterrence, which a prevailing defendant almost automatically wins. *See Live Face*, 77 F.4th at 632. As this Court has pointed out, the only "compensation" a prevailing copyright defendant can receive are attorney's fees. *Id.* at 635. Moreover, "deterrence" requires courts to consider the "effects of not awarding fees," and implores courts to avoid "discouraging defendants from abandoning meritorious defenses." *Id.* at 635. As if that were not enough on its own, this case has an added layer supporting this facet of the test. Awarding fees encourages potential plaintiffs like UIRC to disclose any other documents that are the source of allegedly copyrightable language. Should they prolong litigation by withholding important evidence, they risk compounding attorney's fees in the event they ultimately lose their claim.

## 3. Objective Reasonableness

Another *Fogerty* factor is the objective unreasonableness of the claims advanced by the losing party. UIRC's claims were objectively unreasonable because UIRC failed to disclose the Idaho deal documents

in its copyright application, in its complaints, and (repeatedly) in discovery in this case. (Appellate Dkt. No. 33 at A4.) UIRC also submitted that language to the Copyright Office and then with its complaints in this case—both for the purpose of benefitting itself through the purported originality of the language. (*See* ECF No. 244 ¶¶ 11, 20, 28, 53; 244-1; 244-4; 244-6;244-9.) Yet nearly all of the language had been copied from the Idaho deal documents. (*See* Appellate Dkt. No. 18 (comparing UIRC's highlighted material to the Idaho deal documents).)

### 4. Motivation

The final factor is the losing party's motivation for bringing or defending against a suit, which also favors William Blair. "The week before filing the instant suit, UIRC created a redline comparison between its indenture and the indenture in the Idaho deal documents," yet did not disclose those source documents in its complaint or during discovery. (Appellate Dkt. No. 33 at A3.) Similarly, for years, UIRC used the threat of litigation to drive out participants in its niche corner of the bond market. (ECF No. 1, 35, 61, 62.) *See Live Face*, 77 F.4th at 635 (finding improper motivation in lawsuit that "bears all the

hallmarks of a copyright troll at work"). And UIRC sued Michael Kalt in his personal capacity, even though it knew that he was not the primary drafter of the William Blair bond offerings.[1] Such personal targeting can itself be a sign of ill-motivation. *See Live Face*, 77 F.4th at 635 (finding lawsuit unreasonable in part because defendant was sued in personal capacity despite her limited involvement as an employee registering websites that hosted allegedly infringing code).

## II. William Blair's reasonable attorney's fees amount to $260,219.25 for the Merits Appeal and the Fee Appeal.

To determine a reasonable fee, courts rely on the lodestar method, multiplying the "number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983); *see also Schlacher v. L. Offs. of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). The lodestar approach forms the "centerpiece" of attorneys' fee determinations. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). There is a strong presumption that the lodestar

---

[1] One of the allegedly copied documents was drafted by the law firm Mayer Brown. (ECF No. 397 ¶¶ 61–62.) Mayer Brown was retained by, and answered to, Rainier, not William Blair or Mr. Kalt. UIRC never sued the firm for infringement. (ECF Nos. 367 ¶ 12; 397 ¶ 62.) Another document at issue was initially drafted by William Blair employee Sarah Diorio, not Mr. Kalt. (ECF No. 367 ¶ 8.)

calculation yields a reasonable attorneys' fee award. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010); *see also Eddleman v. Switchcraft, Inc.*, 927 F.2d 316, 318 (7th Cir. 1991).

A reasonable hourly rate is one that is "derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003) (citing *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999)). "The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *Id.* (citing *Uphoff*, 176 F.3d at 407).

### A. For these appeals and related fee motion, William Blair's attorneys' fees amount to $260,219.25

William Blair requests attorneys' fees in the amount of $260,219.25. (Exhibit A, Henning Declaration ("Exhibit A") ¶ 14.) This is the amount of fees incurred by William Blair in litigating the Merits Appeal and the Fee Appeal, as well as drafting this motion. This figure represents the reasonable hours expended by each of William Blair's attorneys, multiplied by each counsel's reasonable rates for those hours, as set forth in Exhibit B, which contains partially-redacted copies of William Blair's counsels' billing records for the Merits Appeal and Fee Appeal.

## B. The hourly rates charged by William Blair's attorneys are reasonable.

For the Appeals, William Blair was represented by Jones Day, a distinguished global law firm. (Exhibit A ¶¶ 1–2.) The hourly rates for each member of the respective Jones Day personnel are set forth in Exhibit B. (*See* Exhibit B at 9; *see also id.* at 32 for McGinley's rate.) These rates were discounted by ten percent for William Blair, and those discounted rates are reflected in the above fee request. (*See id.* at 3, 8, 14, 18, 22, 26, 31, 35.)

The legal services rendered by Jones Day in this matter were performed primarily by lead counsel, Nicole C. Henning, a partner, and Nicholas A. Hodges, an associate attorney. (Exhibit A ¶ 10.) Ms. Henning is an experienced appellate litigator. (*Id.* ¶ 3.) Ms. Henning has successfully argued cases in the United States Court of Appeals for the Sixth, Seventh, Eighth, Ninth, and Tenth Circuits as well as the Illinois Appellate Court. (*Id.*) She has briefed cases in those courts, as well as numerous state appellate courts and the D.C. Circuit, Federal Circuit, Fifth Circuit and Eleventh Circuit. (*Id.*) Ms. Henning graduated from Yale Law School in 2005, and she clerked for Judge Joel M. Flaum

on the United States Court of Appeals for the Seventh Circuit before joining Jones Day. (*Id.*)

Mr. Hodges is a senior associate in Jones Day's Business and Tort Litigation practice. (*Id.* ¶ 4.) Mr. Hodges has extensive experience drafting briefs at both the appellate court and trial court levels. (*Id.*) Mr. Hodges graduated from Yale Law School in 2015, and he clerked for Judge Richard R. Clifton on the United States Court of Appeals for the Ninth Circuit. (*Id.*)

The hourly rates charged by the Jones Day personnel in this case are reflected in the invoices attached as Exhibit B. "The best evidence of the value of the lawyer's services is what the client agreed to pay him." *Assessment Techs. of WI, LLC v. Wire Data, Inc.*, 361 F.3d 434, 438 (7th Cir. 2004); *see also Fogle v. William Chevrolet/Geo, Inc.*, 275 F.3d 613, 615 (7th Cir. 2001) ("The best evidence of the lawyer's quality is the fee he commands in the market"); *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("Courts award fees at the market rate, and the best evidence of market value of legal services is what people pay for it."). The rates reflected in Exhibit B are reasonable because they are the rates paid by William

Blair to Jones Day for the Appeals, and they reflect a discount on the "rack" rates billed to other Jones Day clients in 2023. (Exhibit A ¶ 11.)

### C. The hours expended by William Blair's attorneys are reasonable.

The following table shows the reasonable hours incurred by the Jones Day personnel[2] working on the Appeals and in drafting this motion. These hours are reflected and described on the invoices attached to Exhibit B.

---

[2] In addition to Henning and Hodges, the following individuals at Jones Day also billed small amounts of time working on the Appeals: Michael Conway is a partner who has litigated dozens of trials and arbitrations, largely for financial institutions such as the parties here. (Exhibit A ¶ 5.) Erin McGinley is an of counsel appellate specialist. (*Id.* ¶ 6.) Adria Villar is an appellate senior staff attorney. (*Id.* ¶ 7.) Erica Jones Miller is a research librarian. (*Id.* ¶ 8.) Suzanne Young is a library services manager. (*Id.* ¶ 9.)

| Hours Billed Per Month | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Apr. | May. | Jun. | Jul. | Aug. | Sep. | Oct. | Jan. | Feb. | Totals |
| **Henning** | 10.0 | 35.8 | 2.9 | 1.3 | 2.6 | 17.0 | 19.4 | 2.8[3] | 1.0[4] | **92.8** |
| **Hodges** | 9.2 | 77.1 | 0.8 | | | 33.7 | 8.4 | 14.9 | 3.0 | **147.1** |
| **Conway** | 3.4 | 1.6 | | | | | | 0.7 | | **5.7** |
| **Miller** | | 3.0 | | | | | | | | **3.0** |
| **Villar** | | 11.0 | | | | 3.5 | | | | **14.5** |
| **Young** | | 0.2 | | | | | | | | **0.2** |
| **McGinley** | | | | | | | 4.4 | | | **4.4** |
| **Month Totals** | 22.6 | 128.7 | 3.7 | 1.3 | 2.6 | 54.2 | 32.2 | 18.4 | 4.0 | |

UIRC filed the merits appeal on March 21, 2023. (Appellate Dkt. No. 1.) Accordingly, in April 2023, Henning, Hodges, and Conway obtained the trial court record from trial counsel (Foley & Lardner, LLP), analyzed that record, and began drafting a factual and procedural background for an opposition brief. (Exhibit B at 5–6.) Henning and Conway filed notices of appearance that month. (*Id.*; *see also* Appellate Dkt. Nos. 2–3.) The Jones Day attorneys spent 22.6 hours on these tasks. (Exhibit B at 6.)

---

[3] Henning's hours in January are reduced by 0.8 from the invoice in Exhibit B because on January 16 and 17 she worked on something unrelated to the motion for fees. (Exhibit A ¶ 14.)

[4] Henning and Hodges have estimated their hours for February because an invoice for February will not be generated until after this motion is filed. (Exhibit A ¶ 13.)

On May 1, 2023, UIRC filed its opening brief on the Merits Appeal, and William Blair filed its opposition on May 31, 2023. (Appellate Dkt. Nos. 11, 17.) During the month of May, Hodges conducted the legal research needed for the opposition. Exhibit B at 10–12.) He also wrote the first draft of the brief. (*Id.*) The brief was 63 pages long, and it contained arguments on: i) whether UIRC's documents were derivative works; ii) whether UIRC's documents had sufficient originality for copyright protection; iii) four subsections rebutting UIRC's opening brief; iv) whether the judgment in favor of Michael Kalt should be affirmed for additional reasons; and v) whether the district court was correct to strike UIRC's jury demand. (Appellate Dkt. No. 17.)

Also in May, Henning revised the opposition brief, providing additional arguments and refining the language. (Exhibit B at 10–12.) Miller conducted three hours of legal research. (*Id.* at 10.) Villar checked and corrected citations to the law and the record. (*Id.* at 12.) Young spent 0.2 hours obtaining materials that were not available on Westlaw. (*Id.* at 11.) Conway reviewed and approved the brief. (*Id.* at 11.) The Jones Day attorneys billed 128.7 hours in May. (*Id.* at 12.)

In June 2023, Henning and Hodges conducted post-filing tasks such as supervising production and delivery of paper copies of the brief to the Court. (Exhibit B at 16.) They also analyzed UIRC's reply brief. (*Id.*) Henning and Hodges billed 3.7 total hours in June. (*Id.*)

In July 2023, Henning spent 1.3 hours on oral argument scheduling and reviewing background regarding a potential appeal of the trial court's fee order. (Exhibit B at 20.)

In August 2023, Henning spent 2.6 hours corresponding with opposing counsel about potential settlement and on strategy for opposing the appeal of the trial court's fee order. (Exhibit B at 24.)

In September 2023, Hodges conducted research and drafted an opposition for the Fee Appeal. (Exhibit B at 28.) Henning revised the opposition brief and ensured compliance with the Court's rules. (*Id.* at 28–29.) Villar conducted a citation check of the opposition brief. (*Id.* at 29.) The Jones Day attorneys spent 54.2 hours on the opposition to the Fee Appeal. (*Id.*)

In October 2023, Hodges and McGinley helped Henning prepare for oral argument on the Merits Appeal and the Fee Appeal, including by holding a moot argument. (Exhibit B at 33.) Henning argued the

Appeals. (*Id.*) The Jones Day attorneys billed 32.2 hours in October. (*Id.*)

In January and February 2024, Henning, Hodges, and Conway worked on this Motion for fees. (Exhibit B at 37.) In January, the Jones Day attorneys billed 18.4 hours.[5] (*Id.*) In February, the Jones Day attorneys estimate that they will bill four hours.[6]

## CONCLUSION

William Blair respectfully requests that the Court order UIRC to pay William Blair its total appellate fees of $260,219.25.p

---

[5] Henning's hours in January are discounted by 0.8 because on January 16 and 17 she worked on something unrelated to the Appeals. (Exhibit A ¶ 14.)

[6] As noted above, Henning and Hodges have estimated their hours for February because this motion will be filed in February, and an invoice for February will not be generated until after the motion is filed.

Dated: February 12, 2024

Respectfully submitted,

By: /s/ *Nicole C. Henning*
　　 Michael P. Conway
　　 Nicole C. Henning
　　 JONES DAY
　　 110 North Wacker Dr.
　　 Suite 4800
　　 Chicago, IL 60606
　　 Telephone: (312) 782-3939
　　 nhenning@jonesday.com

　　 *Counsel for Appellees*

# EXHIBIT A

# Declaration of Nicole C. Henning

# UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

UIRC-GSA HOLDINGS, LLC,

*Plaintiff-Appellant*,

v.

WILLIAM BLAIR & COMPANY,
LLC AND MICHAEL KALT,

*Defendants-Appellees.*

Nos. 23-2566 & 23-1527

## DECLARATION OF NICOLE HENNING
## IN SUPPORT OF WILLIAM BLAIR'S MOTION FOR FEES

I, Nicole Henning, declare and state as follows:

1. I am a partner in the law firm of Jones Day. I am lead counsel for Defendant-Appellee William Blair & Company, L.L.C. in the above-captioned consolidated appeals before this Court.

2. Jones Day is an international law firm. Jones Day has more than 2,000 attorneys across 40 offices on five continents. The firm consistently ranks within the top 20 law firms in the world.

3. I am an experienced appellate litigator. I have successfully argued cases in the United States Court of Appeals for the Sixth, Seventh, Eighth, Ninth, and Tenth Circuits as well as the Illinois Appellate

Court. I have also briefed cases in those courts, as well as other state appellate courts and the Federal Circuit, D.C. Circuit, Fifth Circuit, and Eleventh Circuit. I graduated from Yale Law School in 2005, and I clerked for Judge Joel M. Flaum on the United States Court of Appeals for the Seventh Circuit.

4. Nicholas Hodges is a ninth-year associate in Jones Day's Business and Tort Litigation practice. He has extensive experience drafting briefs at both the appellate court and trial court levels. Mr. Hodges graduated from Yale Law School in 2015, and he clerked for Judge Richard R. Clifton on the United States Court of Appeals for the Ninth Circuit.

5. Michael Conway is a partner at Jones Day, and he has litigated dozens of trials and arbitrations, largely for financial institutions such as the parties here.

6. Erin McGinley is of counsel at Jones Day. She clerked on the Seventh Circuit Court of Appeals for Hon. Ann Claire Williams (ret.).

7. Adria Villar is an appellate senior staff attorney at Jones Day.

8. Erica Jones Miller is a research librarian at Jones Day.

9. Suzanne Young is a library services manager at Jones Day.

10. The legal services rendered by Jones Day in this matter were performed primarily by Nicholas Hodges and me.

11. The rates paid by William Blair to Jones Day in the above-captioned appeals are typical of the rates billed to, and paid by, other Jones Day clients for Hodges, Conway, McGinley, Villar, Miller, Young, and myself in 2023. In fact, they reflect a ten percent discount on the "rack" rates billed to other Jones Day clients in 2023.

12. Attached to this declaration is **Exhibit B**, which is a set of true and correct copies of the invoices billed by Jones Day in the above-captioned consolidated appeals. The invoices have been partially redacted to protect attorney-client privilege and attorney work product.

13. For February 2024, I am providing an estimate of the hours that will be billed for the above-captioned appeals by Hodges and myself. I am providing the estimate because an invoice for February will not be generated until after the motion is filed. For February 2024, I estimate that I will have spent one hour on the

fee motion, and Hodges will have spent three hours. This is a conservative estimate.

14. I have reviewed all Jones Day billing entries and have ensured that there is no duplicative or excessive work. I reduced my hours by 0.8 for January, 2024 because on January 16 and 17 I worked on something unrelated to the motion for fees. Jones Day spent 267.7 hours on the two appeals at issue, including argument, billing William Blair $260,219.25 for that time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 12th day of February, 2024, in Chicago, Illinois.

Nicole Henning

# EXHIBIT B
# JONES DAY INVOICES

April 2023
Invoice

# JONES DAY

**Chicago Office**
110 North Wacker Drive
Suite 4800
Chicago, IL  60606
**(312) 782-3939**
**Federal Identification Number:  34-0319085**

May 16, 2023

234872.000002
Invoice: 231302780
Matter ID: 2022-00112

William Blair & Company, L.L.C.
Attn: Kevin Cunningham
Associate General Counsel – Investment Banking
The William Blair Building
150 North Riverside Plaza
Chicago, IL  60606
United States of America

For legal services rendered for the period through April 30, 2023:

| | | |
|---|---|---:|
| Urban Investment Research Group | USD | 26,645.00 |
| Less Client Discount: | | (2,664.50) |
| | USD | 23,980.50 |
| Total Billed Fees | USD | 23,980.50 |
| **TOTAL** | **USD** | **23,980.50** |

Timekeeper/Fee Earner Summary

| Timekeeper/Fee Earner Name | Hours | Rate | Amount |
|---|---|---|---|
| M P Conway | 3.40 | 1,237.50 | 4,207.50 |
| N C Henning | 10.00 | 1,170.00 | 11,700.00 |
| N Hodges | 9.20 | 877.50 | 8,073.00 |
| **Total** | **22.60** | **USD** | **23,980.50** |

## Fee Detail

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 04/01/23 | M P Conway | 0.70 |

Review pleadings and consider appeal issues.

| 04/03/23 | M P Conway | 1.10 |

Consider strategy ████████████████; participate in conference with William Blair regarding ██████ follow up.

| 04/03/23 | N C Henning | 1.00 |

Videoconference with client regarding ████████████████; draft and file appearance forms and corporate disclosure statement.

| 04/03/23 | N Hodges | 0.30 |

Draft notice of appearance for M. Conway.

| 04/04/23 | M P Conway | 0.50 |

Address initial 7th Circuit filings and plan for briefing.

| 04/06/23 | N C Henning | 0.20 |

Emails with client regarding ████████████████.

| 04/10/23 | N C Henning | 0.50 |

Analyze ████████████████ for purposes of preparing for transition call.

| 04/11/23 | M P Conway | 1.10 |

Address issues for call with Foley; participate in call with Foley; follow up regarding ██████.

| 04/11/23 | N C Henning | 1.20 |

Transition meeting with Foley regarding ████████████; prepare for meeting.

| 04/13/23 | N C Henning | 0.20 |

Correspond with Foley regarding ████████████.

| 04/14/23 | N C Henning | 0.50 |

Supervise transfer of docket from Foley and update N. Hodges on ██████.

| 04/17/23 | N C Henning | 0.50 |

Review filings on appellate docket and review relevant rules regarding ██████.

| 04/18/23 | N Hodges | 6.60 |

Analyze ████████████████████; draft factual and procedural background for opposition to appeal.

| 04/19/23 | N Hodges | 2.30 |

Draft factual and procedural background for opposition brief.

| 04/20/23 | N C Henning | 1.00 |

Analyze ████████████.

| 04/26/23 | N C Henning | 2.80 |

Review motion to dismiss opinion and summary judgment briefing.

# JONES DAY

234872.000002

Page: 4
May 16, 2023
Invoice: 231302780

Urban Investment Research Group

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 04/27/23 | N C Henning | 0.80 |
| | Analyze ██████████████ to prepare for drafting appellate brief. | |
| 04/28/23 | N C Henning | 1.30 |
| | Analyze ██████████████. | |
| | **Total** | **22.60** |

May 2023
Invoice

# JONES DAY

**Chicago Office**
110 North Wacker Drive
Suite 4800
Chicago, IL  60606
**(312) 782-3939**
**Federal Identification Number:  34-0319085**

June 21, 2023

234872.000002
Invoice: 231303674
Matter ID: 2022-00112

William Blair & Company, L.L.C.
Attn: Kevin Cunningham
Associate General Counsel – Investment Banking
The William Blair Building
150 North Riverside Plaza
Chicago, IL  60606
United States of America

For legal services rendered for the period through May 31, 2023:

| | | |
|---|---|---:|
| Urban Investment Research Group | USD | 132,137.50 |
| Less Client Discount: | | (13,213.75) |
| | USD | 118,923.75 |
| Total Billed Fees | USD | 118,923.75 |
| **TOTAL** | **USD** | **118,923.75** |

# JONES DAY

## Timekeeper/Fee Earner Summary

| Timekeeper/Fee Earner Name | Hours | Rate | Amount |
|---|---|---|---|
| M P Conway | 1.60 | 1,237.50 | 1,980.00 |
| N C Henning | 35.80 | 1,170.00 | 41,886.00 |
| N Hodges | 77.10 | 877.50 | 67,655.25 |
| E J Miller | 3.00 | 225.00 | 675.00 |
| A R Villar | 11.00 | 607.50 | 6,682.50 |
| S Young | 0.20 | 225.00 | 45.00 |
| **Total** | **128.70** | **USD** | **118,923.75** |

# JONES DAY

## Fee Detail

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 05/01/23 | N C Henning | 1.10 |

Analyze ███████████ (.4); draft high-level summary of same for client (.5); correspond with N. Hodges regarding ███████████████ (.2).

| 05/01/23 | N Hodges | 0.90 |

Analyze ████████ to prepare for drafting opposition.

| 05/02/23 | N C Henning | 2.70 |

Analyze ███████ (2.2); meet with N. Hodges regarding ████████████ (.5).

| 05/02/23 | N Hodges | 4.70 |

Research case law for opposition to opening brief.

| 05/02/23 | E J Miller | 3.00 |

Research for █████████████ regarding ████████████████.

| 05/03/23 | N C Henning | 5.50 |

Analyze ████████████████████████.

| 05/04/23 | N C Henning | 0.20 |

Correspond with client and R. Montei regarding ████████████████.

| 05/06/23 | N Hodges | 2.40 |

Analyze ██████ to draft responses to ████████████████.

| 05/08/23 | N Hodges | 1.80 |

Analyze █████████████ and develop counterarguments regarding those ███████.

| 05/09/23 | N C Henning | 1.70 |

Analyze ██████████ (1.5); contact M. Kurth regarding ██████████ (.2).

| 05/09/23 | N Hodges | 5.10 |

Draft, for opposition brief, argument regarding █████████████████ ██████████.

| 05/10/23 | N Hodges | 6.90 |

Draft sections on derivative copyrights and functionality for opposition brief (4.2); Analyze █████████████ ██ (2.7).

| 05/11/23 | N Hodges | 7.50 |

Draft counterargument section for opposition brief (4.9); Research case law for same (2.6).

| 05/12/23 | N Hodges | 6.40 |

Draft opposition brief for appeal.

| 05/13/23 | N Hodges | 1.90 |

Draft opposition brief for appeal.

| 05/14/23 | N Hodges | 2.10 |

Draft opposition brief for appeal.

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 05/15/23 | N C Henning | 0.80 |

Correspond with M. Kalt regarding ███████████ (.5); correspond with clients regarding ███ (.3).

| 05/15/23 | N Hodges | 4.70 |

Draft opposition brief for appeal.

| 05/16/23 | N Hodges | 6.00 |

Draft opposition brief for appeal.

| 05/17/23 | N Hodges | 1.90 |

Draft opposition brief for appeal.

| 05/18/23 | N C Henning | 1.80 |

Revise draft brief.

| 05/18/23 | N Hodges | 2.80 |

Draft opposition brief for appeal.

| 05/19/23 | N C Henning | 5.50 |

Revise draft appellate brief.

| 05/19/23 | N Hodges | 4.80 |

Draft opposition brief for appeal.

| 05/19/23 | S Young | 0.20 |

Retrieved ████████████████████████████████████████, requested by N. Hodges.

| 05/20/23 | N Hodges | 6.40 |

Draft opposition brief for appeal.

| 05/21/23 | N Hodges | 0.40 |

Draft opposition brief for appeal.

| 05/22/23 | N C Henning | 3.00 |

Draft Kalt portion of brief and revise other portions.

| 05/23/23 | M P Conway | 0.80 |

Review draft brief.

| 05/23/23 | N C Henning | 1.50 |

Revise jury waiver section of brief and final read-through of brief.

| 05/24/23 | M P Conway | 0.80 |

Review and comment on draft brief, follow up with N Henning regarding same.

| 05/24/23 | N C Henning | 6.00 |

Revise draft appellate brief and circulate to client.

| 05/24/23 | N Hodges | 0.60 |

Research ████████████████████████████.

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 05/25/23 | N C Henning | 0.30 |
| | Circulate brief to M. Kalt with commentary. | |
| 05/26/23 | N C Henning | 0.40 |
| | Send draft brief to ██████████████████. | |
| 05/26/23 | N Hodges | 2.20 |
| | Revise opposition brief for appeal. | |
| 05/30/23 | N C Henning | 1.50 |
| | Revise draft appellate brief (1.0); communicate with R. Montei at Foley regarding ████████████ ████████ (.5). | |
| 05/30/23 | N Hodges | 3.70 |
| | Draft opposition brief for appeal. | |
| 05/30/23 | A R Villar | 7.50 |
| | Cite check appellate brief. | |
| 05/31/23 | N C Henning | 3.80 |
| | Revise and finalize brief and appendix (3.0); ensure filing of brief appendix and revised appearances (.3); telephone calls with both clients regarding ████████ (.5). | |
| 05/31/23 | N Hodges | 3.90 |
| | Draft opposition brief for appeal. | |
| 05/31/23 | A R Villar | 3.50 |
| | Cite check appellate brief. | |
| | **Total** | **128.70** |

June 2023
Invoice

# JONES DAY

**Chicago Office**
110 North Wacker Drive
Suite 4800
Chicago, IL  60606
**(312) 782-3939**
**Federal Identification Number:  34-0319085**

July 26, 2023

234872.000002
Invoice: 231304358
Matter ID: 2022-00112

William Blair & Company, L.L.C.
Attn: Kevin Cunningham
Associate General Counsel – Investment Banking
The William Blair Building
150 North Riverside Plaza
Chicago, IL  60606
United States of America

For legal services rendered for the period through June 30, 2023:

| | | |
|---|---|---|
| Urban Investment Research Group | USD | 4,550.00 |
| Less Client Discount: | | (455.00) |
| | USD | 4,095.00 |
| Total Billed Fees | USD | 4,095.00 |
| **TOTAL** | **USD** | **4,095.00** |

Timekeeper/Fee Earner Summary

| Timekeeper/Fee Earner Name | Hours | Rate | Amount |
|---|---|---|---|
| N C Henning | 2.90 | 1,170.00 | 3,393.00 |
| N Hodges | 0.80 | 877.50 | 702.00 |
| **Total** | **3.70** | **USD** | **4,095.00** |

## Fee Detail

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 06/01/23 | N C Henning | 0.50 |
| | Review rules regarding ███████ and arrange for properly formatted hard copies to be made for the Court. | |
| 06/01/23 | N Hodges | 0.80 |
| | Draft letter to opposing counsel regarding service of separate appendix; Analyze ████████████ ██████████████. | |
| 06/05/23 | N C Henning | 0.40 |
| | Ensure accuracy, service, and delivery to Seventh Circuit of paper copies of brief and appendix. | |
| 06/26/23 | N C Henning | 2.00 |
| | Analyze ██████████ and draft summary of same for client. | |
| **Total** | | **3.70** |

July 2023
Invoice

# JONES DAY

**Chicago Office**
110 North Wacker Drive
Suite 4800
Chicago, IL  60606
**(312) 782-3939**
**Federal Identification Number:  34-0319085**

August 23, 2023

234872.000002
Invoice: 231305103
Matter ID: 2022-00112

William Blair & Company, L.L.C.
Attn: Kevin Cunningham
Associate General Counsel – Investment Banking
The William Blair Building
150 North Riverside Plaza
Chicago, IL  60606
United States of America

For legal services rendered for the period through July 31, 2023:

| | | |
|---|---|---:|
| Urban Investment Research Group | USD | 1,690.00 |
| Less Client Discount: | | (169.00) |
| | USD | 1,521.00 |
| Total Billed Fees | USD | 1,521.00 |
| **TOTAL** | **USD** | **1,521.00** |

# JONES DAY

### Timekeeper/Fee Earner Summary

| Timekeeper/Fee Earner Name | Hours | Rate | Amount |
|---|---|---|---|
| N C Henning | 1.30 | 1,170.00 | 1,521.00 |
| **Total** | **1.30** | **USD** | **1,521.00** |

# JONES DAY

234872.000002

Urban Investment Research Group

Page: 3
August 23, 2023
Invoice: 231305103

## Fee Detail

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 07/20/23 | N C Henning | 0.40 |
| | Correspond with client regarding ████████. | |
| 07/24/23 | N C Henning | 0.50 |
| | Draft and file argument confirmation card. | |
| 07/31/23 | N C Henning | 0.40 |
| | Correspond with client regarding ████████. | |
| | **Total** | **1.30** |

August 2023
Invoice

# JONES DAY

**Chicago Office**
110 North Wacker Drive
Suite 4800
Chicago, IL  60606
**(312) 782-3939**
**Federal Identification Number:  34-0319085**

September 29, 2023

234872.000002
Invoice: 231305990
Matter ID: 2022-00112

William Blair & Company, L.L.C.
Attn: Kevin Cunningham
Associate General Counsel – Investment Banking
The William Blair Building
150 North Riverside Plaza
Chicago, IL  60606
United States of America

For legal services rendered for the period through August 31, 2023:

| | | |
|---|---|---:|
| Urban Investment Research Group | USD | 3,380.00 |
| Less Client Discount: | | (338.00) |
| | USD | 3,042.00 |
| Total Billed Fees | USD | 3,042.00 |
| **TOTAL** | **USD** | **3,042.00** |

# JONES DAY

234872.000002

Page: 2
September 29, 2023
Invoice: 231305990

Urban Investment Research Group

## Timekeeper/Fee Earner Summary

| Timekeeper/Fee Earner Name | Hours | Rate | Amount |
|---|---|---|---|
| N C Henning | 2.60 | 1,170.00 | 3,042.00 |
| **Total** | **2.60** | **USD** | **3,042.00** |

# JONES DAY

## Fee Detail

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 08/14/23 | N C Henning | 0.40 |
| | Analyze ███████████████████████. | |
| 08/17/23 | N C Henning | 1.00 |
| | Call with R. LeTourneaux regarding ██████████████ (.5); review case law regarding ████████████████ (.4); correspond with N. Hodges regarding ███████████ (.1). | |
| 08/28/23 | N C Henning | 0.60 |
| | Call with client regarding ███████████████ (.4); telephone call with opposing counsel regarding potential settlement (.2). | |
| 08/30/23 | N C Henning | 0.20 |
| | Email R. LeTourneaux regarding ████████████████. | |
| 08/31/23 | N C Henning | 0.40 |
| | Download and circulate UIRC attorney fee brief. | |
| **Total** | | **2.60** |

September 2023
Invoice

# JONES DAY

**Chicago Office**
110 North Wacker Drive
Suite 4800
Chicago, IL  60606
**(312) 782-3939**
**Federal Identification Number:  34-0319085**

October 16, 2023

234872.000002
Invoice: 231306497
Matter ID: 2022-00112

William Blair & Company, L.L.C.
Attn: Kevin Cunningham
Associate General Counsel – Investment Banking
The William Blair Building
150 North Riverside Plaza
Chicago, IL  60606
United States of America

For legal services rendered for the period through September 30, 2023:

| | | |
|---|---|---:|
| Urban Investment Research Group | USD | 57,320.00 |
| Less Client Discount: | | (5,732.00) |
| | USD | 51,588.00 |
| Total Billed Fees | USD | 51,588.00 |
| **TOTAL** | **USD** | **51,588.00** |

## Timekeeper/Fee Earner Summary

| Timekeeper/Fee Earner Name | Hours | Rate | Amount |
|---|---|---|---|
| N C Henning | 17.00 | 1,170.00 | 19,890.00 |
| N Hodges | 33.70 | 877.50 | 29,571.75 |
| A R Villar | 3.50 | 607.50 | 2,126.25 |
| **Total** | **54.20** | **USD** | **51,588.00** |

## Fee Detail

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 09/06/23 | N C Henning | 2.50 |

Analyze █████████████████████████████.

| 09/06/23 | N Hodges | 4.10 |

Analyze opening brief regarding ████████ (1.2); Analyze case law regarding █████████ (2.9).

| 09/07/23 | N C Henning | 0.70 |

Review recent Seventh Circuit case law regarding ████████ (.5); file appearances and argument confirmation form in fee appeal (.2).

| 09/07/23 | N Hodges | 6.90 |

Draft argument regarding ████████████████ (3.8); Draft argument regarding ██████████ (3.1).

| 09/08/23 | N C Henning | 1.00 |

Call with client regarding ████ (.5); call with N. Hodges regarding ████████████ (.5).

| 09/08/23 | N Hodges | 0.40 |

Analyze ████████████████.

| 09/11/23 | N Hodges | 7.40 |

Draft opposition to appeal of attorneys fee award.

| 09/12/23 | N Hodges | 6.90 |

Draft opposition to appeal of attorneys fee award.

| 09/13/23 | N C Henning | 1.50 |

Edit draft response to attorney fee brief.

| 09/13/23 | N Hodges | 2.80 |

Draft opposition to appeal of attorneys fee award.

| 09/14/23 | N C Henning | 2.30 |

Revise draft response to attorney fee brief.

| 09/18/23 | N C Henning | 2.50 |

Revise draft response brief in fee appeal.

| 09/18/23 | N Hodges | 3.10 |

Draft opposition brief regarding appeal of attorney's fee award.

| 09/19/23 | N C Henning | 4.50 |

Edit draft appellate brief and circulate to client.

| 09/25/23 | N C Henning | 1.20 |

Final revisions of brief in preparation for filing.

| 09/25/23 | N Hodges | 2.10 |

Analyze ████████████ (0.9); Analyze ████████████ (1.2).

**JONES DAY**

234872.000002

Page: 4
October 16, 2023

Urban Investment Research Group

Invoice: 231306497

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 09/25/23 | A R Villar | 3.50 |
| | Cite check appellee's brief. | |
| 09/26/23 | N C Henning | 0.80 |
| | Ensure compliance with court orders and rules; review paper copies of brief; ensure paper copies. | |

|  |  |  |
|---|---|---|
| | **Total** | **54.20** |

# October 2023
# Invoice

# JONES DAY

**Chicago Office**
110 North Wacker Drive
Suite 4800
Chicago, IL  60606
**(312) 782-3939**
**Federal Identification Number:  34-0319085**

November 17, 2023

234872.000002
Invoice: 231307524
Matter ID: 2022-00112

William Blair & Company, L.L.C.
Attn: Kevin Cunningham
Associate General Counsel – Investment Banking
The William Blair Building
150 North Riverside Plaza
Chicago, IL  60606
United States of America

For legal services rendered for the period through October 31, 2023:

| | | |
|---|---|---:|
| Urban Investment Research Group | USD | 37,480.00 |
| Less Client Discount: | | (3,748.00) |
| | USD | 33,732.00 |
| Total Billed Fees | USD | 33,732.00 |
| **TOTAL** | **USD** | **33,732.00** |

## Timekeeper/Fee Earner Summary

| Timekeeper/Fee Earner Name | Hours | Rate | Amount |
|---|---|---|---|
| N C Henning | 19.40 | 1,170.00 | 22,698.00 |
| N Hodges | 8.40 | 877.50 | 7,371.00 |
| E McGinley | 4.40 | 832.50 | 3,663.00 |
| **Total** | **32.20** | **USD** | **33,732.00** |

# JONES DAY

234872.000002

Page: 3
November 17, 2023
Invoice: 231307524

Urban Investment Research Group

### Fee Detail

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 10/06/23 | N C Henning | 0.90 |
| | Analyze and summarize ██████████████ . | |
| 10/17/23 | N C Henning | 3.50 |
| | Prepare for moot. | |
| 10/17/23 | N Hodges | 1.60 |
| | Research effect of ██████████████████████████████████████ ██████████████ . | |
| 10/17/23 | E McGinley | 2.80 |
| | Read briefs, conduct research, and prepare for moot of N. Henning in preparation for upcoming Seventh Circuit argument. | |
| 10/18/23 | N C Henning | 2.50 |
| | Prepare for and attend moot for oral argument. | |
| 10/18/23 | N Hodges | 3.60 |
| | Analyze ████████████████████████ ; Attend moot argument on both appeals. | |
| 10/18/23 | E McGinley | 1.60 |
| | Serve as panelist in moot of N. Henning in preparation for upcoming Seventh Circuit argument. | |
| 10/20/23 | N Hodges | 1.60 |
| | Analyze ██████████████████████████ . | |
| 10/23/23 | N C Henning | 0.80 |
| | Prepare for oral argument. | |
| 10/23/23 | N Hodges | 1.60 |
| | Analyze ██████████████████████████ . | |
| 10/24/23 | N C Henning | 1.50 |
| | Prepare for oral argument by reviewing ████████████████ . | |
| 10/25/23 | N C Henning | 6.00 |
| | Prepare for oral argument. | |
| 10/26/23 | N C Henning | 4.00 |
| | Attend oral argument (3.5); discuss ██████████ with case team (.5). | |
| 10/27/23 | N C Henning | 0.20 |
| | Email with R. LeTourneaux regarding ████████████████████ . | |
| | **Total** | **32.20** |

EXHIBIT B
Page 33

January 2024
Invoice

# JONES DAY

**Chicago Office**
110 North Wacker Drive
Suite 4800
Chicago, IL  60606
**(312) 782-3939**
**Federal Identification Number:  34-0319085**

February 8, 2024

234872.000002
Invoice: 241300706
Matter ID: 2022-00112

William Blair & Company, L.L.C.
Attn: Kevin Cunningham
Associate General Counsel – Investment Banking
The William Blair Building
150 North Riverside Plaza
Chicago, IL  60606
United States of America

For legal services rendered for the period through January 31, 2024:

| | | |
|---|---|---|
| Urban Investment Research Group | USD | 22,355.00 |
| Less Client Discount: | | (2,235.50) |
| | USD | 20,119.50 |
| Total Billed Fees | USD | 20,119.50 |
| **TOTAL** | **USD** | **20,119.50** |

# JONES DAY

## Timekeeper/Fee Earner Summary

| Timekeeper/Fee Earner Name | Hours | Rate | Amount |
|---|---|---|---|
| M P Conway | 0.70 | 1,305.00 | 913.50 |
| N C Henning | 3.60 | 1,237.50 | 4,455.00 |
| N Hodges | 14.90 | 990.00 | 14,751.00 |
| **Total** | **19.20** | **USD** | **20,119.50** |

# JONES DAY

### Fee Detail

| Date of Service | Timekeeper/Fee Earner Name | Hours |
|---|---|---|
| 01/12/24 | N C Henning | 0.80 |

Analyze ████████████████ (.5); correspond with client regarding ████ (.2); begin process of pulling billing records for fee request (.1).

| 01/12/24 | N Hodges | 3.40 |
|---|---|---|

Draft petition to recover appellate attorney's fees.

| 01/16/24 | N C Henning | 0.30 |
|---|---|---|

Call with R. LeTourneaux regarding ████████████████.

| 01/17/24 | N C Henning | 0.50 |
|---|---|---|

Analyze articles regarding ████████████████ and correspond with M. Conway regarding ████
████████.

| 01/18/24 | N Hodges | 0.40 |
|---|---|---|

Analyze billing records to develop motion for attorney's fees.

| 01/19/24 | N Hodges | 5.10 |
|---|---|---|

Research case law for ████████████████ (0.7); Draft motion for attorney's fees (3.8); Draft declaration in support of motion for attorney's fees (0.6).

| 01/20/24 | N Hodges | 1.40 |
|---|---|---|

Draft motion for attorney's fees.

| 01/21/24 | N Hodges | 2.10 |
|---|---|---|

Draft declaration in support of motion for attorney's fees (0.9); Draft motion for attorney's fees (1.2).

| 01/22/24 | N Hodges | 0.70 |
|---|---|---|

Draft motion for attorney's fees.

| 01/23/24 | N C Henning | 1.50 |
|---|---|---|

Edit fee motion.

| 01/23/24 | N Hodges | 0.90 |
|---|---|---|

Draft motion for attorney's fees.

| 01/24/24 | N C Henning | 0.50 |
|---|---|---|

Revise fee petition.

| 01/25/24 | N Hodges | 0.70 |
|---|---|---|

Draft motion for attorneys' fees.

| 01/29/24 | N Hodges | 0.20 |
|---|---|---|

Draft motion for attorney's fees.

| 01/30/24 | M P Conway | 0.70 |
|---|---|---|

Work on fee petition.

| | **Total** | **19.20** |